IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

    Petitioner,   : Case No. 3:15-cv-164

 - vs -        District Judge Walter Herbert Rice
            Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

              :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

  This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 15). Judge Rice has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 17).

  In his Petition, Jones pled eleven grounds for relief (Petition, ECF No. 1, PageID 6-15). The Report recommended that Grounds Two, Three, and Four be dismissed for failure to state a claim cognizable in habeas corpus and Jones raises no objection. The Report also recommended that Ground One and Grounds Five through Eleven be dismissed as procedurally defaulted. *Id.* at PageID 1975-80. Petitioner objects to the recommendations as to Grounds One and Five through Eleven. His objections will be considered *seriatim.*

**Ground One: Erroneous Jury Instructions**

  In his First Ground for Relief, Jones asserts that the trial judge gave an erroneous *mens*

1

*rea* instruction on the aggravated murder charges. The Report recommended that Ground One regarding erroneous jury instructions be dismissed as procedurally defaulted and for failure to state a claim cognizable in habeas corpus (Report, ECF No. 15, PageID 1966-73).

The Second District found Jones forfeited[1] this claim in two ways, to wit, by not objecting to the instruction as it was given and by not requesting an instruction he believed to be correct. *State v. Jones,* 2013-Ohio-4820, ¶ 14, 2013 Ohio App. LEXIS 5028  2nd Dist. Nov. 1, 2013).

Jones argues the Ohio plain error doctrine "allows a petitioner to raise issues not objected to at trial, to survive on appeal, in the interest of justice, to discover if substantial rights have been affected." (Objections, ECF No. 16, PageID 1983.) Jones acknowledges the case law cited in the Report to the effect that plain error review in Ohio appellate courts is an enforcement and not a waiver of a procedural default (See Report, ECF No. 15, PageID 1972). However, he claims

> [A]t mostly every instance the State courts continue to review such errors as if objected to because it is natural human nature to forget, or to not see, at the time, every cognizable and valid issue. An enforcement of procedural default would constitute no review at all and would force trial counsel, whether *pro se*, obtained, or appointed, to heighten their awareness of relevant issues. Knowing the burden and pressure this could impose on the human being, the Ohio Courts have wisely constructed a rule that allows a second chance at raising constitutional issues. This wise construct is embedded in Criminal Rule 52(B).

(Objections, ECF No. 16, PageID 1984.)

Essentially Jones argues that plain error review is no different from simple error review, but the Ohio case law does not support his position. In *State v. Lynn*, 129 Ohio St. 3d 146

---

[1] The Second District uses the word "waived" as to this claimed error. The more proper characterization would be that the claim was forfeited. *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

(2011), the Ohio Supreme Court held

> there are "three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, *i.e.*, a deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240.

*Id*. at ¶ 13. Even if all three prongs are satisfied, the appeals court has discretion to refuse to consider the asserted error. *Id*. at ¶ 14.

Moreover, the Sixth Circuit Court of Appeals has held that plain error review is not a waiver of the procedural default in cases involving the Ohio plain error doctrine. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). This Court is bound to follow the law as determined by the Sixth Circuit.

Jones believes he can bypass the procedural default by showing ineffective assistance of appellate counsel (Objections, ECF No. 16, PageID 1984). However, it is ineffective assistance of trial counsel – failure to object to the instruction and failure to proffer a substitute – which are at issue here. Because those two claims were apparent on the face of the record, they could have been raised on direct appeal, but were not. Ineffective assistance of appellate counsel could potentially excuse that failure, but those failures by appellate counsel are not among the instances of supposed ineffective assistance of appellate counsel that Jones raised in his Rule

26(B) application (State Court Record, ECF No. 8, PageID 247-55).  As is well known, a 26(B) application is the only method for raising an ineffective assistance of appellate counsel claim in Ohio.  *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

The second part of the Report's recommendation on Ground One is that it does not state a claim cognizable in habeas corpus (Report, ECF No. 15, PageID 1972-73).  Jones claims the *mens rea* instruction violates the Due Process Clause because it shifts the burden of proof to the defendant, relying on *In re Winship,* 397 U.S. 358 (1970), and *Mullaney v. Wilbur,* 421 U.S. 684 (1975). Both of those cases stand for the proposition that the state must prove beyond a reasonable doubt every element of the crime of which a defendant stands accused.  In *Mullaney*, the Supreme Court held that the absence of "heat of passion on sudden provocation" was an element required to be proved by the State of Maine in a homicide prosecution.

In this case, Jones was charged with two counts of aggravated murder in violation of Ohio Revised Code § 2903.01(A) which provides "[n]o person shall purposely, and with prior calculation and design, cause the death of another or the unlawful termination of another's pregnancy."  The background facts as proved at trial were stated in Judge Donovan's opinion for the Second District:

> **[*P2]**  The incident which forms the basis of the instant appeal occurred on October 16, 2011, while Jones was engaged in an argument with one of the victims, Dovon Williams. The other victim was Arbrie Smith, a friend of Williams, who witnessed the argument. The confrontation occurred at a residence near the corner of Perrin Avenue and Center Boulevard in Springfield, Ohio. Evidence adduced during Jones' trial established that Williams had beaten up the appellant on two separate prior occasions. Jones was also aware that Williams had been visiting his girlfriend's home when he was not present. At some point during the argument, Jones pulled out a handgun and shot Arbrie Smith in the head multiple times, killing him. Williams attempted to run away, but Jones chased him down and shot him several times, killing him as well.

*State v. Jones, supra*. The court then quoted in full the instruction on purpose given as to the murder of Dovon Williams:

> **[\*P13]** Regarding the definition of "purpose," the trial court gave the jury the following instructions:
>
> A person acts purposely when it is his specific intention to cause a certain result. It must be established beyond a reasonable doubt that at the time in question there was present in the mind of the defendant a specific intention to cause the death of Dovon Williams. [Fn. 1 When instructing the jury regarding Count II, the aggravated murder of Arbrie Smith, the trial court did not repeat the definition of "purpose," but merely referred back to the instruction in Count I, which referenced the aggravated murder of Dovon Williams.]
>
> *When the gist of the offense is a prohibition against conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature, regardless of what he may have intended to accomplish by his conduct.*
>
> Purpose is a decision in the mind to do an act with a conscious objective of producing a specific result or engaging in specific conduct. To do an act purposely is to do it intentionally and not accidentally.
>
> Purpose and intent mean the same thing. The purpose with which a person does an act is known only to himself unless he expresses it to others or indicates it by his conduct.
>
> The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence.
>
> If a wound is inflicted upon a person with a deadly weapon in a manner calculated to destroy life, the purpose to cause his death may be, but is not required to be, inferred from the use of the weapon. The inference, if made, is not conclusive.
>
> \*\*\*
>
> Prior calculation and design means that the purpose to cause the death of another was reached by a definite process of reasoning in

5

> advance of the homicide, which process of reasoning must have included a mental plan involving studied consideration of the method and means with which to cause the death.
>
> To constitute prior calculation there must have been sufficient time and opportunity for the planning of an act of homicide and the circumstances surrounding the homicide must show scheme designed to carry out the calculated decision to cause the death.

*State v. Jones, supra*. The language complained of by Jones on appeal – the "gist of the offense" language italicized by Judge Donovan – was found by the Second District to be, standing alone, confusing to a jury, citing *State v. Wilson,* 74 Ohio St. 3d 381 (1996). However, given that the "purpose" instruction, taken as a whole, told the jury they had to find beyond a reasonable doubt that Jones had the specific intent to kill Williams, the "gist" language was found not to be plain error. *Id.* at ¶ 16.

This is not a case like *Mullaney* where the burden of proving an element is turned upside down and the defendant is tasked with proving the absence of an element. Instead, the State had to prove, with respect to the purpose element, that Jones intended to kill Williams. The evidence at trial was that Jones shot Williams who ran; Jones then ran after him and continued to shoot him until he was dead. Given that state of the evidence and considering the full definition of purpose given by the trial judge, it is very unlikely the jury was confused. "Intent" and "purpose," which the judge told the jury mean the same thing, are common English words.

As stated in the Report, erroneous jury instructions are ordinarily not actionable in habeas corpus. But even assuming cognizability, Jones has not proved the instructions as given deprived him of a fair trial. Ground One should be dismissed.

6

**Grounds Five through Eleven**

The Report found that Grounds Five through Eleven are procedurally defaulted because they were never presented to the state courts on the merits.  None of these seven claims was presented on direct appeal and that constitutes a procedural default.  Failure to raise a constitutional issue at all on direct appeal is a procedural default, subject to the cause and prejudice standard. *Murray v. Carrier,* 477 U.S. 478, 485 (1986);  *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

Jones does not deny that these seven claims were omitted on direct appeal, but attempts to excuse that procedural default by pointing out that they were raised in his 26(B) Application as claims of ineffective assistance of appellate counsel.  As the Report points out, a 26(B) application must be filed within ninety days of judgment and Jones took five times that long – 454 days (Report, ECF No. 15, PageID 1976).  Jones claimed to the Second District that he had good cause for being late, but the Second District rejected those excuses in its opinion quoted in the Report at PageID 1976-79.  As the Report found, the Sixth Circuit has repeatedly held that the 90-day time limit on 26(B) applications is an adequate and independent state ground of decision (Report, ECF No. 15, *citing Parker v. Bagley,* 543 F.3d 859  (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009)).

In his Objections, Jones again argues that the delay was beyond his control. He contends that the Court in this case "should set new precedent in regards to the leeway prisoners need to state substantial claims when they are prevented from doing so by external, objective factors." (ECF No. 16, PageID 1987.) Trial courts in the federal system do not have the authority to set new precedent when there is controlling precedent from the Sixth Circuit Court of Appeals. *Hutto v. Davis*, 454 U.S. 370, 375 (1982). Even a three-judge panel of the Sixth Circuit does not have authority to set new precedent when to do so it would have to overrule a prior published decision of that court.

Jones again argues the merits of his case, spending several pages on an argument that a key piece of evidence at trial – a video recording showing him shooting at the scene of the crime – should have been suppressed (Objections, ECF No. 16, PageID 1989-91). This argument was not only omitted on direct appeal, it was also not among the omitted assignments of error raised in the 26(B) Application.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 19, 2015.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).