# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

        Petitioner,    :    Case No. 3:15-cv-164

  - vs -        District Judge Walter Herbert Rice
                Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

                      :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 19) and Supplemental Memorandum Supporting Objections (ECF No. 20) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 18).  Judge Rice has again recommitted the case for reconsideration in light of the Objections (Order, ECF No. 21).

In his Petition, Jones pled eleven grounds for relief (Petition, ECF No. 1, PageID 6-15). The original Report recommended that Grounds Two, Three, and Four be dismissed for failure to state a claim cognizable in habeas corpus and Jones raised no objection.  The original Report also recommended that Grounds One and Five through Eleven be dismissed as procedurally defaulted . (Report, ECF No. 15,  PageID 1975-80).  Petitioner objected to the recommendations as to those grounds and the Supplemental Report recommended that his Objections be overruled.

**Ground One:  Erroneous Jury Instructions**

In his First Ground for Relief, Jones asserts that the trial judge gave an erroneous *mens rea* instruction on the aggravated murder charges.  The Report recommended that Ground One regarding erroneous jury instructions be dismissed as procedurally defaulted and for failure to state a claim cognizable in habeas corpus (Report, ECF No. 15, PageID 1966-73).

The Second District found Jones forfeited[1] this claim in two ways, to wit, by not objecting to the instruction as it was given and by not requesting an instruction he believed to be correct.  *State v. Jones,* 2013-Ohio-4820, ¶ 14, 2013 Ohio App. LEXIS 5028   (2nd Dist. Nov. 1, 2013).  The Report agreed with the State that this ground was defaulted on both these bases.  Jones objected that plain error review in Ohio courts is in fact merits review and that the instruction as given reversed the burden of proof.  The Supplemental Report rejected these arguments.

Jones objects again to the conclusions the Magistrate Judge reached on Ground One, but raises no point that has not already been considered.

**Grounds Five through Eleven**

As to Grounds Five through Eleven, the Report and Supplemental Report concluded they were procedurally defaulted because they had never been presented to the state courts on the merits.  Jones responds "Petitioner raised these issues in his 26(B) application filed January 29, 2015."   (Objections, ECF No. 19, PageID 2025.)    The Report and Supplemental Report

---

[1] The Second District uses the word "waived" as to this claimed error.  The more proper characterization would be that the claim was forfeited.  *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

2

acknowledge that ineffective assistance of counsel can excuse a procedural default, but that the ineffectiveness claim must itself be properly presented to the state courts. (Report, ECF No. 15, PageID 1976, citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)). Jones' 26(B) application was admittedly not filed on time; the Report found Jones missed the 90-day 26(B) deadline by 454 days or by a multiple of five. *Id.* The Second District rejected Jones' excuses for missing the deadline in six pages of detailed analysis. *State v. Jones*, No. 2012 CA 61 (2nd Dist. Apr. 16, 2015)(unreported, copy at ECF No. 8, PageID 298-303)(quoted in the Report, ECF No. 15, PageID 1976, et seq.) The Report concluded the Second District constitutionally applied the time limits on 26(B) applications. But in addition to that, Jones never appealed to the Ohio Supreme Court to correct this asserted error by the Second District. That again is a procedural default of his claim of ineffective assistance of appellate counsel to excuse failure to include these grounds for relief in his direct appeal.

The Supplemental Report noted that one of Jones' claims – that a video recording of him shooting at the crime scene should have been suppressed – was both omitted on direct appeal and was not among the omitted assignments of error raised in his 26(B) Application (Supplemental Report, ECF No. 18, PageID 2020).

Jones objects that this claim was raised in his First omitted Assignment of Error in his argument in his 26(B) about the manifest weight of the evidence (Objections, ECF No. 19, PageID 2029). He also claims he raised it in his Eighth omitted Assignment of Error in his 26(B) arguing against the admissibility of illegally seized evidence. *Id.*

Nothing in the argument on the First omitted Assignment of Error, to wit, that the conviction was against the manifest weight of the evidence, claims that the video recording should have been suppressed. Rather, the claim made there was that it was not properly

3

authenticated (See State Court Record, ECF No. 8, PageID 248).  A claim under state evidence law that evidence has not been properly authenticated is not the same as a claim that it was unconstitutionally seized and therefore should have been suppressed.  And a claim that a verdict is against the manifest weight of the evidence does not present for state court review underlying claims that some of the evidence should have been suppressed.

His Eighth omitted Assignment of Error – ineffective assistance of appellate counsel for failure to claim certain evidence was inadmissible --  contains no reference to the supposed illegal seizure of a video recording.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again concludes the Objections should be overruled and the Petition dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 9, 2015.

> s/ *Michael R. Merz*
> United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).