IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY JONES,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 3:15-cv-164

JUDGE WALTER H. RICE

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #15), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #18), AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #22); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##16, 19, 20, 22); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 1) WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING ANTICIPATED MOTION FOR CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

Petitioner was convicted in Clark County Common Pleas Court on two counts of aggravated murder with firearms specifications, and one count of having a weapon while under disability. He is serving a life sentence without the possibility of parole. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254, raising eleven grounds for relief:

> **GROUND ONE:** The trial court erred by instructing the jury that it could find Mr. Jones guilty of Aggravated Murder if the 'Gist of the Offense' was to cause a death, 'Regardless of what [Mr. Jones] may have intended to accomplish by his conduct."

**GROUND TWO:** The Trial Court Abused its Discretion by imposing Sentences of Life without Parole.

**GROUND THREE:** The trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C) and Crim. R. 32(A)(4) at the sentencing hearing, and without having the factual basis to make those findings.

**GROUND FOUR:** The petitioner[']s conviction is against the manifest weight of evidence in violation of the 5th, 6th, and 14th amendment[s] of the U.S. Constitution.

**GROUND FIVE:** The State presented perjured testimony at trial that it knew to be false and contradictory.

**GROUND SIX:** The trial court erred when it did not hold an inquiry into potential juror misconduct, abusing its discretion.

**GROUND SEVEN:** The trial court committed an abuse of discretion when it overruled defense motions to excuse jurors for cause violating the 5th, 6th, and 14th amendment[s].

**GROUND EIGHT:** The trial court erred when it allowed Juror No. 5 to continue to serve on the jury after there was clear and convincing evidence of juror misconduct in violation of the 5th, 6th and 14th amendments.

**GROUND NINE:** The complaint was not Notarized by a neutral party which violated petitioner[']s Due Process right under the 14th Amendment.

**GROUND TEN:** The Trial court erred by granting the State[']s request to not disclose exculpatory evidence without holding a hearing violating petitioners due process rights.

**GROUND ELEVEN:** Ineffective Assistance of Appellate counsel where appellate counsel failed to raise an inadmissible evidence claim where petitioner objected to, and moved for such motion during trial, violating petitioner[']s due process rights.

Doc. #1, PageID ##6-17.

On October 29, 2015, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #15, recommending that the Petition be dismissed with prejudice, and that Petitioner be denied a certificate of appealability and leave to proceed *in forma pauperis*. Petitioner filed Objections to the Report and Recommendations, Doc. #16. Magistrate Judge Merz then issued a Supplemental Report and Recommendations, Doc. #18. Petitioner again filed Objections. Docs. ##19, 20. Magistrate Judge Merz filed a Second Supplemental Report and Recommendations, Doc. #22. Petitioner filed Objections, Doc. #23, and Respondent filed a Response, Doc. #24.

Given that Petitioner has not objected to the recommended dismissal of Grounds Two, Three, or Four with prejudice, the Court adopts the Magistrate Judge's recommendations with respect to those three Grounds, and limits its discussion to the remaining Grounds for Relief.

I. **Ground One**

In Ground One, Petitioner alleges that the trial court erred by instructing the jury as follows: "When the gist of the offense is a prohibition against conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature, regardless of what he may have intended to accomplish by his conduct." Petitioner argues that this instruction is confusing, given that a person charged with Aggravated Murder must possess a specific intent to kill.

3

Petitioner, however, did not object to this instruction at trial, and offered no substitute instruction. Therefore, as Magistrate Judge Merz noted, when this claim was raised on direct appeal, it was subject to plain error review. Citing *State v. Wilson*, 74 Ohio St.3d 381 (Ohio 1996), the Second District Court of Appeals acknowledged that, when read in isolation, the "gist of the offense" instruction could be confusing, but when read in context with the other instructions given, it did not amount to plain error. The court therefore overruled this assignment of error. *State v. Jones*, 2d Dist. No. 2012CA61, 2013-Ohio-4820, at ¶16.

Magistrate Judge Merz found that Ground One was procedurally defaulted and that Petitioner had failed to establish cause and prejudice to excuse the default. Doc. #15, PageID##1970-72. Citing *Henderson v. Kibbe*, 431 U.S. 145 (1977), he also found that Petitioner, having failed to show that the instructions given were so infirm that they rendered the entire trial fundamentally unfair, had failed to state a claim that was cognizable in habeas corpus.

In his Objections, Doc. #16, Petitioner argues that Ohio Criminal Rule 52(B), which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court," gives him a "second chance" to raise constitutional issues, and allows him to overcome the procedural default. Magistrate Judge Merz correctly notes, however, that a state appellate court's plain error review is an enforcement of the contemporaneous objection rule, and not a waiver of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).

4

Petitioner also argues that ineffective assistance of appellate counsel establishes the requisite cause to excuse the procedural default. Doc. #16, PageID#1984. However, the default at issue—failure to object to the jury instruction or offer alternative instructions—occurred at trial and could have been raised on direct appeal.[1] To the extent that appellate counsel failed to do so, Petitioner failed to argue this in his Rule 26(B) application.

Next, Petitioner argues that the "gist of the offense" instruction violated his due process rights because it shifted the burden to him, to prove what he intended to accomplish by his conduct, in order to "negate the assumption that the alleged specific intent was to engage in conduct of whatever nature the crime charges." Doc. #16, PageID#1985. Magistrate Judge Merz properly rejected this argument, distinguishing *Mullaney v. Wilbur*, 421 U.S. 684 (1975), which was cited by Petitioner. Doc. #18, PageID#2016-18. Jury instructions, read as a whole, made it clear that the State had to prove that Petitioner intended to kill Arbrie Smith and Dovon Williams. The state court noted that trial testimony established that Petitioner shot Smith in the head multiple times. Thereafter, Williams tried to run, but Petitioner chased him down and shot him several times, killing him as well.

---

[1] Petitioner cites to a portion of the trial transcript in support of his belated claim that he did, in fact, object to this jury instruction at trial. Doc. #20. The transcript shows that, during the course of the trial, Petitioner did tell the court that he wanted to make an objection to a jury instruction, but the judge told him that he could do that at the end of the trial. Doc. #8-8, PageID#1249. It is not clear from the record which jury instruction Petitioner intended to challenge. In any event, he cites to no part of the record where he made any specific objection to the "gist of the offense" instruction.

5

Given these facts, specific intent to cause death can be inferred. Accordingly, even if this claim were not procedurally defaulted, the "gist of the offense" instruction cannot be said to have deprived Petitioner of a fair trial.

For these reasons, the Court overrules Petitioner's Objections to the numerous Reports and Recommendations, adopts said judicial filings, and dismisses Ground One with prejudice.

II. **Grounds Five Through Eleven**

In his Report and Recommendations, Doc. #15, Magistrate Judge Merz found that Grounds Five through Eleven were procedurally defaulted. Although the claims were allegedly raised in the Rule 26(B) application to reopen, that application was not timely filed, and the state appellate court found that Petitioner had not established good cause for the delay.

In his Objections, Doc. ##16 and 19, as he did in state court, Petitioner blames inadequate access to the law library, poor advice from counsel, and the fact that his Rule 26(B) application was erased from the prison computer before he could print it out. He maintains that these circumstances were beyond his control, and urges the Court to grant him leeway to pursue his claims. According to Petitioner, his Rule 26(B) application contained significant issues of federal constitutional law that would have nullified his conviction, issues that were not raised on direct appeal due to ineffective assistance of appellate counsel. Petitioner especially faults appellate counsel for failing to challenge the

6

admissibility of a videotape of the shooting, which was allegedly obtained from a private party through threats of violence.

In his Supplemental Reports and Recommendations, Doc. ##18 and 22, Magistrate Judge Merz rejected these arguments. He found that the state appellate court properly denied the Rule 26(B) application as untimely, and gave detailed reasons for doing so. He further found that Petitioner's failure to appeal to the Ohio Supreme Court constituted an additional procedural default.

Even if the Court were to consider the arguments raised in Petitioner's untimely Rule 26(B) application, Magistrate Judge Merz found that the admissibility of the videotape is not included among them. Petitioner disagrees, noting that he specifically referred to the videotape in the First Assignment of Error in his Rule 26(B) application. In arguing that his conviction was *against the manifest weight of the evidence*, he noted that "the jury found appellant guilty, in spite of the fact that . . . during trial the video evidence that was presented by the State, the individual that allegedly recorded it was not at trial to authenticate it, and it was admitted as testimonial evidence." Doc. #8, PageID#248. The Court agrees with Magistrate Judge Merz that this Assignment of Error appears to be directed at the question of authentication; it does not fairly raise the question of whether the videotape was illegally obtained and therefore inadmissible.

Petitioner also cites to his Eighth Assignment of Error, however, in which he specifically argues that appellate counsel should have raised the issue of the admissibility of evidence obtained through an illegal search and seizure. *Id.* at

7

PageID##254-55.  The problem is that this Assignment of Error contains no specific mention of the videotape.  Assuming *arguendo* that the videotape is, in fact, the subject of that Assignment of Error, the fact remains that the Rule 26(B) application was untimely filed.

For these reasons, the Court overrules Petitioner's Objections to the Reports and Recommendations, adopts said judicial filings, and dismisses Grounds Five through Eleven with prejudice.

### III.  Conclusion

For the reasons set forth above, the Court ADOPTS Magistrate Judge Merz's Report and Recommendations (Doc. #15), Supplemental Report and Recommendations (Doc. #18), and Second Supplemental Report and Recommendations (Doc. #22), and OVERRULES Petitioner's Objections thereto (Docs. ##16, 19, 20, 23).  The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. #1) is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 31, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE