# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

               Petitioner,         :        Case No. 3:15-cv-164

   - vs -                                 District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

                                      :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's filing labeled "Notice of Appeal" (ECF No. 31) and the Warden's Response (ECF No. 32).

Judge Rice dismissed the Petition for Habeas Corpus with prejudice, denied a certificate of appealability, and found any appeal would be objectively frivolous on March 31, 2016 (ECF No. 25). The Clerk entered judgment the same day (ECF No. 26). On June 13, 2016, Petitioner attempted to file a supplement to his Objections to add case law in support (ECF No. 27). That Motion was denied as moot because Judge Rice had already entered judgment. The Court later found moot Petitioner's application for leave to proceed on appeal *in forma pauperis* on the same basis.

Then on June 25, 2016, Mr. Jones filed the instant Notice of Appeal (ECF No. 31). This Notice has been transmitted to the Sixth Circuit which has docketed it under Case No. 16-3798.

As part of the Notice of Appeal, Jones requests a delayed appeal, asserting he was not notified of the dismissal of his Petition until June 17, 2016 (ECF No. 31). The docket reflects,

1

however, that both Judge Rice's decision and the Clerk's Judgment were sent to Jones at Ross Correctional Institution by regular mail on the date they were filed and have not been returned by the Postal Service. Jones attaches an undated note purportedly from a Mr. Ward (the signature is illegible) stating "We have no legal mail logs with your name on them for March or April." (ECF No. 31, PageID 2147).

A district court may extend the time for taking an appeal only if the party seeking the extension moves for it within thirty days of the date when the time to appeal expired and shows good cause. In this civil case, the time to appeal expired thirty days after judgment, April 30, 2016. Therefore the motion to extend had to be filed by May 30, 2016. The Notice of Appeals with the included request was not filed until July 15, 2016.

In addition to extending time to appeal, a district court may reopen the time to appeal. Fed. R. App. P. 4(a)(6). Jones claims he was not aware of the dismissal until June 17, 2016, presumably when he received a copy of the Notation Order denying his motion to amend or correct, which was mailed on June 13, 2016. Jones' time to move to reopen the appeal expired fourteen days after he received notice of judgment, which, in the best case from his perspective, is July 1, 2016. He did not deposit his Notice of Appeal with the included request for delayed appeal in the mail until July 6, 2016 (ECF No. 31, PageID 2146). Time for filing a motion to reopen runs from the time notice is received of the dismissal, not from service of the paper that gives notice, so Jones is not entitled to the benefit of Fed. R. App. P. 16(c). His motion for delayed appeal, construed as a motion to reopen, is untimely and should be denied.

August 5, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

2

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).