IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY JONES,

    Petitioner,

v.

WARDEN, Ross Correctional Institution,

    Respondent.

:
:
:
:
:

Case No. 3:15-cv-164

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #33); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #34); OVERRULING PETITIONER'S REQUEST FOR A DELAYED APPEAL (DOC. #31)

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his August 8, 2016, Report and Recommendations, Doc. #33, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety.

Petitioner's Objections thereto, Doc. #34, are OVERRULED. The Court cannot extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), because the motion was filed more than 60 days after the judgment was entered. *See* Fed. R. App. P. 4(a)(5)(A)(i). Judgment was entered on March 31, 2016, and Petitioner did not file his motion until July 15, 2016. Nor

can the Court reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). Even assuming that Petitioner did not receive notice that his case had been dismissed until June 17, 2016, he did not file the Motion for Delayed Appeal until July 6, 2016, more than 14 days later. *See* Fed. R. App. P. 4(a)(6)(B) (providing that the court may reopen the time to file an appeal only if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice, whichever is earlier.").[1]

Accordingly, Petitioner's Motion for Delayed Appeal, Doc. #31, is OVERRULED as untimely.

Date: August 30, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[1] It appears that Magistrate Judge Merz's citation in the Report and Recommendation to "Fed. R. App. P. 16(c)" is a typographical error. No such subsection of Rule 16 exists. The Court assumes that he intended to refer instead to Federal Rule of Appellate Procedure 4(a)(6).