# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

              Petitioner,    :    Case No. 3:15-cv-164

   - vs -                            District Judge Walter Herbert Rice
                                             Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

                                          :

              Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case was dismissed with prejudice on March 31, 2016 (ECF No. 25, 26). Petitioner now moves the Court under Fed. R. Civ. P. 60(b) to reopen the case (ECF No. 38).

Mr. Jones rests his Motion on *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). In *Crangle* the District Court had dismissed a habeas petition as untimely, but the court of appeals held the statute of limitations was re-started by a new state court judgment imposing post-release control. It is difficult to see how *Crangle* applies here since the Warden conceded the Petition was timely (Return, ECF No. 9, PageID 1857) and the Court did not dismiss the case as untimely.

Instead, Jones' argument seems to be that, when the Ohio Second District Court of Appeals remanded his case for the trial court to make findings supporting the imposition of consecutive sentences, the trial court did not do so in a way required by Ohio law. Because it did not do so, Jones says, its judgment entry is not a final appealable order under Ohio law,

1

"rendering any judgment, order or opinion of a subsequent reviewing court void." (Motion, ECF No. 38, PageID 2172.) Jones says this "presents a question of subject matter jurisdiction that may be raised at any time in any court." *Id., citing United States v. Cotton*, 535 U.S. 625 (2002).

The Ohio final appealable order rule is a rule governing the jurisdiction of Ohio courts of appeals. It is rooted in the Ohio Constitution and provides that the courts of appeals have appellate jurisdiction only to review final orders of trial courts. *Davison v. Rini*, 686 N.E.2d 278, 281 (Ohio Ct. App. 1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio App. 3d 207, 210 n.2 (Ohio Ct. App. 1993); *Kouns v. Pemberton*, 84 Ohio App. 3d 499, 501 (Ohio Ct. App. 1992).

Obviously, the question of what constitutes a final appealable order under Ohio law is a question of Ohio law. Jones has presented no authority for the proposition that a judgment in the form he received on remand is not a final appealable order. He has not even presented the order itself, although he says he has attached it (ECF No. 38, PageID 2173). Obviously this Court cannot begin to decide if what Jones received was a final appealable order without being provided a copy.

Jones also does not specify what subsection of Fed. R. Civ. P. 60(b) he believes is applicable to his case. However, his argument about jurisdiction seems to imply that he believes this Court lacked jurisdiction. That is not so. 28 U.S.C. § 2241 gives the federal courts jurisdiction to issue the writ of habeas corpus to inquire directly into whether a prisoner's detention is constitutional. In other words, it is a "collateral" attack on the state court judgment, not a direct review. Granting relief when a state court acted without jurisdiction is at the core of what federal habeas courts do. This Court did not lack subject matter jurisdiction when it considered and denied Mr. Jones' Petition. Our jurisdiction proceeds directly from 28 U.S.C. § 2241 and authorizes inquiry into any detention alleged to be unconstitutional.

Lastly, the Court is prohibited from reconsidering this claim because it was presented in the first Petition and found to be procedurally defaulted by Jones' failure to appeal from the resentencing judgment to either the appellate court or the Ohio Supreme Court (Report and Recommendations, ECF No. 9, PageID 1877). 28 U.S.C. § 2244(b)(1) provides that a claim presented in a second or later habeas corpus application that was presented in a prior application shall be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Petitioner's Request to Reopen his Habeas Corpus Petition be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 14, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the

objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).