# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

        Petitioner,   :   Case No. 3:15-cv-164

  - vs -                     District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

                                :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

      This habeas corpus case was dismissed with prejudice on March 31, 2016 (ECF No. 25, 26).  On March 13, 2017, Petitioner moved the Court under Fed. R. Civ. P. 60(b) to reopen the case (ECF No. 38).  The Magistrate Judge recommended the motion to reopen be denied (report and Recommendations, ECF No. 39).  Petitioner has objected (Objections, ECF No. 40), the Warden has responded to those Objections (Response, 41), and Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 42).

**Procedural History**

      In the original Report and Recommendations in this case, the Magistrate Judge recited the procedural history as follows:

> Jones was indicted by the Clark County grand jury on two counts of aggravated murder in connection with the deaths of Dovon

1

> Williams and Arbrie Smith. These counts carried a firearm specification and Jones was also charged with having weapons while under a disability.  A trial jury convicted him on all counts and he was sentenced to life imprisonment without possibility of parole. Jones appealed and the Second District Court of Appeals overruled his first two assignments of error, but remanded for the trial court to make appropriate findings to support running the murder sentences consecutively and to consider waiver of court costs and attorney fees. *State v. Jones,* 2013-Ohio-4820, 2013 Ohio App. LEXIS 5028 (2nd Dist. Nov. 1, 2013).  The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Jones,* 139 Ohio St. 3d 1430 (2014).
>
> On January 29, 2015, Jones filed an Application for Reopening his direct appeal to raise claims of ineffective assistance of appellate counsel. The Second District denied reopening and Jones did not appeal to the Ohio Supreme Court.

(Report and Recommendations, ECF No. 15, PageID 1962-63.)  Mr. Jones pleaded eleven grounds for relief in habeas corpus.  *Id.*  at PageID 1963-66.  The Report recommended dismissing the Petition with prejudice either on the merits or because of procedural default.  *Id.* at PageID 1981.  After additional consideration and briefing, Judge Rice adopted that recommendation and dismissed the case with prejudice on March 31, 2016 (ECF No. 25).

Mr. Jones filed a late appeal which the Sixth Circuit dismissed as untimely on September 21, 2016 (ECF No. 36).  Mr. Jones filed his Motion to Reopen on March 13, 2017.  The case is now before the Court on his Objections to the Magistrate Judge's Report and Recommendations that the Motion to Reopen be denied (ECF No. 39).

## Analysis

Mr. Jones argues that when the Ohio Second District Court of Appeals remanded his case for proper findings to support consecutive sentences, the Clark County Common Pleas Court did

2

not do so in a final appealable order.  Mr. Jones raised the issue of insufficient findings to support consecutive sentences in his Petition as Ground Three for Relief:

> **Ground Three:** The trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C) and Crim. R. 32(A)(4) at the sentencing hearing, and without having the factual basis to make those findings.
>
> **Supporting Facts:** The trial record does not support the imposition of consecutive sentences. Being sentenced to two Life without Parole sentences is excessive and highly against the manifest weight of the evidence that was presented at trial. The factors needed to impose Life without Parole sentences wasn't determined. The appeals court reversed and remanded my case in regards to this issue, but I wasn't ever given a chance to address the issue because I wasn't ever tooken [sic] back to court on the issue. The trial court was ordered to make the requisite findings and I have a right to be present during such findings in which this case I was not given that right.

(Quoted at Report, ECF No. 15, PageID 1964.)  The Report found that the Clark County Common Pleas Court had made findings on remand on this issue and that, if they were in error, Mr. Jones had procedurally defaulted the claim by never appealing. If at PageID 1974.  The Report further cited *Oregon v. Ice*, 555 U.S. 160 (2009), as holding there was no constitutional right to particular findings of fact before consecutive sentences are imposed.  Judge Rice adopted this conclusion and dismissed the Third Ground for Relief with prejudice.

As best the Court can understand it, Mr. Jones is arguing this Court's dismissal of his Third Ground for Relief is void for want of jurisdiction because Judge Rastatter's resentencing order is not a "final appealable order" and that fact destroys the jurisdiction of any subsequent reviewing Court, including this one (Motion, ECF No. 38, PageID 2172).  That is not a valid proposition of federal law.  As pointed out in the Report, our habeas jurisdiction arises directly from 28 U.S.C. § 2241 and does not depend on whether an Ohio trial court satisfied the Ohio final appealable order rule (Report, ECF No. 39, PageID 2182.

In his Objections Mr. Jones does not take issue with this reference to our habeas jurisdiction. Instead, he "simply seeks fair review of any and all errors in his case. . ." ECF No. 40, PageID 2188. This Court did provide review of all the errors Mr. Jones submitted in his Petition and it had jurisdiction to do so under 28 U.S.C. § 2241. Whether or not the resentencing entry is a final appealable order under Ohio law has no impact on this Court's habeas corpus jurisdiction.

Therefore the Motion for Relief from Judgment should be DENIED.


March 31, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).