IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY JONES,

    Petitioner,

v.

WARDEN, Ross Correctional Institution,

    Respondent.

Case No. 3:15-cv-164

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT (DOC. #39) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT (DOC. #43); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##40, 46); OVERRULING PETITIONER'S REQUEST TO REOPEN HIS 28 U.S.C. 2254 HABEAS CORPUS PETITION PURSUANT TO FED. R. CIV. P. 60(b) (DOC. #38); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; CASE TO REMAIN TERMINATED

---

Based upon the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations on Motion for Relief from Judgment, Doc. #39, and his Supplemental Report and Recommendations on Motion for Relief from Judgment, Doc. #43, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

Petitioner's Objections thereto, Docs. ##40 and 46 are OVERRULED.[1] He relies on *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), in which the court held that a *nunc pro tunc* state court order amending a judgment of conviction to include post-release control constituted a new judgment that reset AEDPA's one-year statute of limitations and allowed the defendant to attack the new sentence and the original conviction without triggering the "second or successive" petition limits of 28 U.S.C. §2244(b).

In Petitioner's case, the state appellate court reversed the judgment in part, and remanded his case so that the trial court could explain, on the record, its reasons for imposing consecutive sentences. Petitioner argues that the trial court erred in simply issuing a Supplement to Judgment Entry of Conviction instead of holding a full resentencing hearing. He maintains that the Supplement is not a final appealable order. He asks this Court to reopen his § 2254 habeas corpus petition, and then stay proceedings while he petitions the state court to properly resentence him. According to Petitioner, after he is properly resentenced and has a final appealable order, he will be able to reassert all of his grounds for habeas relief pursuant to *Crangle*.

---

[1] When filed, Document #40 was missing a page. It was re-filed as Document #45. On April 26, 2017, Petitioner attempted to file "Objections and Reply to Respondent Warden's Response to Objections and Request R&R," Doc. #48, but this was stricken by the Court as an impermissible filing, Doc. #49. In the interest of justice, the Court has nevertheless considered Petitioner's filing, but concludes that it does not change the Court's decision.

As Magistrate Judge Merz noted, Petitioner's case is distinguishable from *Crangle*. In *Crangle*, the original habeas petition was dismissed as untimely. Here, however, the original petition was timely, but all claims were dismissed with prejudice, either as procedurally defaulted or on the merits. Moreover, the nature of Crangle's resentencing is materially distinguishable from Jones's. The substance of Crangle's sentence was changed when, on resentencing, the court imposed a new period of post-release control. Here, however, on remand, the court simply explained the reasons for imposing consecutive sentences. That explanation did nothing to change the *substance* of Jones' sentence. For that reason, even if Jones obtains what he believes to be a "final appealable order" after a full resentencing hearing, this does not arm him with an opportunity to reassert his habeas claims. *See Crangle*, 838 F.3d at 680 (distinguishing between amended judgments that merely correct the record to accurately reflect the court's actions, and those that change the substance of the sentence, amounting to a new judgment).

Magistrate Judge Merz properly found that this Court had jurisdiction under 28 U.S.C. § 2241 to adjudicate the habeas petition, regardless of whether the resentencing order constitutes a "final appealable order" under Ohio law. He also properly found that, under 28 U.S.C. § 2244(b)(1), the Court cannot reconsider this particular claim. It was presented in the original petition (Ground Three) and was dismissed with prejudice because: (1) given that Jones did not appeal his sentence after the Supplemental Judgment was entered, the claim was

3

procedurally defaulted; and (2) a defendant has no federal constitutional right to have a trial court make particular findings of fact before imposing consecutive sentences.

For these reasons, Petitioner's Request to Reopen his 28 U.S.C. §2254 Habeas Corpus Petition Pursuant to Fed. R. Civ. P. 60(b), Doc. #38, is OVERRULED.

Judgment shall be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 28, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4